## Kentucky & Tennessee Railway Company. v. Hogue.

(Decided December 8, 1914.)

### Appeal from Whitley Circuit Court.

Instructions—Measure of Damages in Personal Injury Case.— The instruction on the measure of damages in this personal injury suit, although not aptly worded, was not prejudicial.

J. N. SHARP for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, while riding as a passenger on one of the trains of the appellant railway company, sustained personal injuries when another train collided with the one on which he was a passenger. To recover damages for the injuries thus sustained he brought this suit.

There have been three jury trials. On the first trial there was a verdict in favor of appellee for one thousand dollars, which was set aside by the trial court on the ground that the assessment was excessive. The second trial, which resulted in a verdict for $750, was set aside by the same court for the same reason, and on the third trial there was a verdict and judgment for $850.

This last judgment we are asked to reverse because the verdict on which it is based is excessive. The only argument in support of this ground is a very brief extract from the opinion of the trial judge, delivered in setting aside the second verdict. Counsel for the appellant does not furnish us any reasons drawn from the record why the judgment appealed from should be set aside on this ground, nor have we discovered any.

The other reason assigned for reversing the judgment is that the instruction on the measure of damages was erroneous. This instruction reads: "If the verdict is for the plaintiff, P. Hogue, then you will find for him such a sum in damages as you may believe from the evidence will fairly and reasonably compensate him for all pain and suffering he has endured, if any, and such impairment of his ability to earn money as he has suffered, if any, as a direct and proximate result of the collision, not to exceed in all the sum of $1,500."

This instruction, although worded somewhat differently from the standard instruction on this subject, and which should be given in cases like this, presented to the jury the elements of damage to which the plaintiff was entitled in such a manner that the jury could not well have misunderstood it and it did not prejudice the substantial rights of appellant.

The judgment is affirmed.